ORDER DENYING PETITION
GARY P. SULLIVAN, Chief Justice.
An application to practice pro hac vice[1] and a timely Petition for Ret iew and Request for Emergency Stay having been filed on April 3, 2002, by Randy R. Randolph, Esq., on behalf of the biological mother of the above referenced minor, from an Emergency Custody Order issued on March 26, 2002, the Honorable Trudy Flamand, presiding. The petition and request for stay are denied for the reasons set forth below.
The jurisdiction of the Court of Appeals is limited to ‘final orders or judgments’ issued by the Tribal Court. Title II CCOJ 2000 § 202. The “Emergency Custody Order” issued by the Tribal Court on March 26, 2002, is an interim order only and does not qualify for our review. Although the order is in the nature of a ‘default judgment’, a full hearing on the merits is presently calendared in the Tribal Court for April 11, 2002. (For the general rule regarding ‘interlocutory’ appeals see In re: M.W. FPCOA# 242 (1996) at p. 5.) The Request for Emergency Stay fails for two reasons. First, as noted above, the order sought to be stayed is not a final order. Secondly, Rule 5[2] of *244 our Rules of Appellate Procedure requires that the Tribal Court must expressly or constructively deny a request for stay in the first instance.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
Randy R. Randolph, Esq., of Havre, MT., is granted permission, pro hoc vice, to appear in the Fort Peck Court of Appeals in the above entitled matter. This grant is limited to the Fort Peck Court of Appeals, thus does not include the Fort Peck Tribal Court. Application to practice before the Fort Peck Tribal Court must be approved by the Chief Judge.
For the reasons stated herein, the Petition for Review and Request for Emergency Stay are denied.

. The application, was faxed directly to the Chief Justice on April 2, 2002.

. RULE 5 Stay or Injunction Pending Appeal Application for a stay of the judgment or order of the Tribal Court pending appeal, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must be made in the first instance in the Tribal Court. A motion for such relief may be made to the Court of Appeals, however, the motion shall show that application to the Tribal Court for the relief sought has been denied, or that the Tribal Court had (ailed to afford the relief which the applicant requested, within a reasonable period of time. The motion shall also show the reason or the relief requested and the lads relied upon, and if the facts are subject to dispute the motion shall be supported by affidavits or other sworn statements or copies thereof. With the motion shall be filed such parts of the record as are relevant. The motion shall be filed *244 with the Clerk of the Court of Appeals and normally will be considered en blanc by the Court of Appeals, however, the application may be decided by any two Justices of the Court